Martel v. Martel.

FRED. MARTEL'S ADM'R v. GUS. MARTEL AND OTHERS.

It would seem that an administrator *de bonis non* can maintain a suit against the former administrator and the sureties on his bond, for the value of assets which came to the hands of such former administrator, and which he converted to his own use, and failed to account for.

Appeal from Fayette. Tried below before the Hon. Thomas H. Du Val.

The petition alleged that the said Gustavus Martel violated the condition of his bond as administrato r as aforesaid, in this that he did not make out and return a full inventory and appraisement of all the estate of said testator as required by law. Petition charged that after the death of the said testator, there were divers goods and chattels belonging to said estate, that came into the hands of the said Gustavus, to wit: one horse, worth $50 ; another, worth $75 ; one barrel of whisky, worth $50 ; two barrels of flour, worth each $10 ; one sack of coffee worth $20 ; two sacks of salt, worth $5 each ; one barrel of sugar, worth $30 ; one mantle clock, glass case, worth $50 ; a large quantity of linens, consisting of table cloths, towels and a variety of other linen articles, worth in all about $100 ; a

great variety of ornamental pictures, worth $50 ; two feather beds, with pillows, worth each $40 ; bed clothing of all kinds, worth $40 ; two bedsteads worth each $10 ; three guns worth each $15, and divers other goods and chattels of said testator had come into the hands of the said Gustavus Martel to be administered ; which said goods and chattels above enumerated the said defendant Gustavus afterwards, to wit, on the — day of —— in the county of Fayette aforesaid sold, eloined, wasted, converted and disposed of to his own use by means whereof great damage has been done to said estate, and an action has accrued on said administration bond. Petitioner further charges that divers other goods and chattels, belonging to said estate, besides that enumerated above, came into the hands of the said Gustavus as administrator, which were returned and valued in his inventory, far below their real value, to wit : three head of horses returned in the inventory and valued at $100, when they were worth at least $250 ; also a remnant of household furniture valued in said inventory at $10, but which was worth $30.

Petitioner further charges that the list of claims attached to said inventory, shows that the said defendant, Gustavus, received $217 02 in cash, a claim for the sale of cattle for $225, and for notes handed over to him by the former administrator *pro tem.* to the amount of $146 35, which, together with the true value of the said property above mentioned, $280 makes the aggregate sum of $868 37, property in the hands of the administrator. Yet petitioner charges and alleges that, while the said bond was in full force and effect, the said Gustavus violated the conditions of the same by wasting said property and claims and cash on hand, and used and converted the same to his own use, and that he even realized out of it the sum of $900, which he has never accounted for to the County Court aforesaid, nor any part thereof.

Petitioner further charges that the said Gustavus violated his duties, as administrator as aforesaid, by neglecting to return

among the list of claims due said estate a note executed to Fred Martel by John Paine for the fum of $100 with interest from the month of June 1851, and which said note petitioner alleges and charges, came into the hands of said Gustavus while the said bond was in full force and effect ; and about the same time, to wit : in the month of September, or thereabouts, the said Gustavus was informed and notified of the existence of the said indebtedness of John Paine to the said testator, and that the said Gustavus has wholly neglected to account for the said claim, or any part thereof, but has wasted and converted the same to his own use.

Petitioner further charges and alleges that said Gustavus, as administrator as aforesaid, received one or two promissory notes executed by one Swinney for the purchase of negro man from said testator for the sum of $500, with interest from the — day of ——, 1857, and which was wasted and converted by said Gustavus to his own use during the time that the said bond was in full force and effect ; and by reason of said wasting the said defendants are liable to your petitioner for the sum of $600.   Wherefore, as by reason of the mal-administration and devastavits, committed by the said Gustavus, administrator as aforesaid, the said estate of the said Frederick Martel deceased has sustained great damage, to wit : the sum of $2250, and for which the  said defendants are jointly and severally responsible on the said administration bond.  Petitioner prays that said defendants may be cited to appear at the next Term of your Honor's Court to answer this petition ; and upon the hearing of the same, petitioner prays judgment against said defendants for the said sum of twenty-two hundred and fifty dollars ($2250) and damages and all costs of suit, and for all such other relief as equity and justice demand, and so he will ever pray.

There were several amendments to the petition, but they did not vary the material allegations upon which the recovery was sought.

Demurrer to the petition was sustained, and leave to the plaintiff to plead over refused.

*W. G. Webb* and *J. T. Harcourt*, for appellant.   I.  We do not consider it necessary to enter into an argument to show that the ruling upon the demurrer was erroneous, as the question has been settled in the case of Murphy v. Menard, in 14 Tex. R. 62, and a correction made of the misapprehension of the same case as reported in 11 Tex. R. 673, upon which this case was decided in the Court below.

II.  That the ruling of the Court below, in refusing leave to plead over after the defendant's demurrer was sustained, was erroneous, will not at this day be controverted.   (1 Tex. R. 669 ; 10 Id. 74.)

*B. Shropshire*, for appellee.   The action is clearly one for damages for devastavit, or mal-administration.   The Court below regarded the action as one for *devastavit*, and therefore, we think correctly, sustained the demurrer, and dismissed the petition.

An administrator *de bonis non*, as his title denotes, is one who is authorised to administer that portion of the estate not previously administered ; who occupies the position vacated by the former administrator, and stands in his stead ; may become a party to suits commenced by or against him, and indeed complete the work by him already begun.   The only suits maintainable by an administrator *de bonis non*, against his predecessor in office are those authorized by statute.   (Hart. Dig. Art. 1224. Murphy v. Menard, 11 Tex. R. 673.)

"An administrator *de bonis non* can maintain an action only for those articles which remain unadministered." (Kelsey v. Smith, 1 How. Miss. R. 68.)   " He cannot sue the former administrator for devastavit ; the extent of his commission being to *administer* the *effects* unministered." (Stubblefield v. McRaven, 5 S. & M. 130 ; Byrd v. Holloway, 6 Id. 323 ; Miller v.

Womack, Frem. Ch. 485. " An administrator *de bonis non* cannot sue on the bond of the first administrator for any *mal-administration* on his part; but can only sue on it to recover the value of specific property remaining in his hands unadministered, and which he may refuse to deliver." (Prasser v. Yerby, 1 How. Miss. R. 87.)

This Court say in the case of Murphy v. Menard above cited, that the " administrator *de bonis non* is a mere trustee, and chargeable only in so far as he receives assets ; and has no such interest in the estate as will enable him to maintain an action against the former administrator for mal-administration." Yet the conversions charged in the petition in this case, are all instances of mal-administration ; nothing more nor less.

The statute above cited, (Hart. Dig. Art. 1224,) does not authorize an action for devastavit, or for mal-administration, nor for damages in any respect. It says " administrators *de bonis non* shall have power to bring suit upon the bond of a former administrator, for all the estate that has not been accounted for by such administrator, and proceed to administer the same," &c. After property has been " sold, wasted and converted" it remains no longer a part of the estate, and cannot be sued for by the administrator *de bonis non*, and administered as the effects of the estate. The object of his appointment is to administer the estate which exists, and it is left to some one interested in the estate, to sue for damages for mal-administration.

The explanation in 14 Tex. R. 67, of the case of Murphy v. Menard in 11 Tex. R. is not understood as authorising an action by an administrator *de bonis non* against a former administrator, for devastavit or mal-administration. It says he is authorized to sue him for effects still in his hands unadministered ; which is very different, we conceive, from an action for damages for waste.

LIPSCOMB, J.   This suit was brought by the administrator *de bonis non*, against the former administrator and his security on his administration bond, alleging as a breach of the bond, that divers articles enumerated, and sums of money, assets of the estate, had come to the hands of the former administrator, and by him were never accounted for in his administration, but converted to his own use.   The security demurred to this petition.   It does not appear that the former administrator had citation served on him, yet judgment by default was taken. This is not before us now, but it is noticed, that it may be corrected when the case goes back.   We have only now to deal with the demurrer of the security on the administrator's bond, on which the case went off.

It is not necessary to discuss the question whether the abuse of trust on the part of the former administrator should first be established in the Probate Court, analogous to a devastavit, before suit could be brought in the District Court on the administration bond.   That question was settled in the negative, in Francis v. Northcote, 6 Tex. R. 185.

By Art. 1224, Hart. Dig., defining the powers of an administrator *de bonis non*, it is expressly provided, that " they shall " have power to settle with the former executor or administra- " tor of the estate, to receive and receipt for all such portion " of the estate as remains in their hands.   They shall have "|power to bring suit on the bond or bonds of the former exe- " cutor or administrator in their own name as administrator "for all the estate that has not been accounted for by " such former executor or administrator."   We regard this provision in our statute as conclusive in support of the plaintiff's action, and against the correctness of the judgment of the Court below in sustaining the demurrer.   There is nothing in the case of Murphy v. Menard, 11 Tex. R. 673, repugnant to this conclusion.   The only point settled in that case is, that an administrator *de bonis non* cannot sustain an action under the 121st Section of the Act of March 20th, 1848, to regulate

proceedings in the County Court pertaining to estates of deceased persons, (Hart. Dig. Art. 1230) nor under any other Section of that Act, nor on general principles, in the District Court, to revise the settlement of a former administrator; such proceeding lies at the suit of a creditor, legatee or distributee only. The judgment is reversed and cause remanded.

Reversed and remanded.